# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-370V
(not to be published)

| | |
|---|---|
| LORRAINE FLEAGLE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Lawrence R. Cohan*, Saltz, Morgeluzzi & Bendesky, Philadelphia, PA, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 11, 2019, Lorraine Fleagle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination administered on September 17, 2014. (Petition at 1). On August 31, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 35).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 20, 2021 (ECF No. 39), requesting a total award of $20,909.08 (representing $19,289.30 in fees and $1,619.78 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (Id. at 33). Respondent reacted to the motion on May 4, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring resolution of the amount to be awarded to my discretion. (ECF No. 40). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Lawrence Cohan at the following rates: $440 per hour for time billed in 2018; $450 per hour for time billed in 2019; and $484 per hour for time billed in 2020; and $509 per hour for time billed in 2021. (ECF No. 39 at 1). Some of these rates require adjustment.

In particular, Mr. Cohan has previously been awarded the rates of $470 per hour for time billed in 2020, and $484 per hour for time billed in 2021 – in each case, less than he requests herein. *See Stout v. Sec'y of Health & Human Servs.,* No. 17-1077V, 2020 WL 522937 (Fed. Cl. Spec. Mstr. Aug. 11, 2020); *Shelly v. Sec'y of Health & Human Servs.,* No. 18-0519V, 2020 WL 5637796 (Fed. Cl. Spec. Mstr. Aug. 21, 2020); *Randolph v. Sec'y of Health & Human Servs.,* No. 18-1231V, 2020 WL 5909092, (Fed. Cl. Spec. Mstr. Sept. 8, 2020); *Green v. Sec'y of Health & Human Servs.,* No. 16-08V, Slip Op. 62, (Fed. Cl. Spec. Mstr. February 23, 2021); *Lesher v. Sec'y of Health & Human Servs.,* No. 17-1076V, Slip Op 58 (Fed. Cl. Spec. Mstr. Mar. 17, 2021). I agree with the reasoning from these prior cases, and therefore reduce Mr. Cohan's rates to $470 per hour for time billed in 2020 and $484 per hour for time billed in 2021. This results in a reduction of **$235.50**.[3]

The requested rates from 2018 and 2019, however, are reasonable and consistent with what Mr. Cohan has previously received. I therefore will employ those rates in calculating fees – and since I am making no changes based on determinations about the reasonableness of work performed, only the aforementioned reduction for 2020 and 2021 time will be made to the total fees requested.

## ATTORNEY COSTS

Petitioner requests $1,619.78 in overall costs. (ECF No. 39 at 2). This amount is comprised of obtaining medical records, shipping costs and reports and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

---

[3] This amount consists of ($484 - $470 = $14 x 12 hrs = $168.00) + ($509 - $484 = $25 x 2.7 hrs = $67.50) = $235.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$20,673.58** (representing $19,053.80 in fees and $1,619.78 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.